**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AMIT AHUJA and SUNIL AHUJA,<br>Plaintiffs,<br>v.<br>AETNA, INC.,<br>Defendant. | Civil Action No. 25-17642 (SDW) (CF)<br>**OPINION**<br>September 29, 2026 |

**WIGENTON**, District Judge.

Before this Court is Defendant Aetna Life Insurance Company's[1] ("Defendant" or "ALIC") Motion to Dismiss Plaintiffs Amit and Sunil Ahuja's Complaint, (D.E. 10 ("Mot.")), pursuant to Federal Rules of Civil Procedure 12(b)(1), (b)(6), and (f).[2] Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1367. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78 and Local Civil Rule 78.1. For the reasons stated herein, Defendant's Motion is **GRANTED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Facts[3]

[1] Defendant ALIC is improperly pleaded as "Aetna, Inc."

[2] Citations to "D.E." refer to docket entries in the Court's Electronic Case Filing System for this matter and any internal citations contained therein, unless otherwise indicated.

[3] This Court draws the relevant facts from the allegations in the Complaint and documents referenced therein and attached to the parties' briefs. *See In re Burlington Coat Factory Sec. Lit.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (explaining that a district court may consider documents integral to or explicitly relied upon

On November 1, 2022. Plaintiff Amit Ahuja was admitted to Hospital Metropolitano in Quito, Ecuador after experiencing abdominal pain. (D.E. 12-2, Dft. Ex B. at 9.) After doctors at the Hospital Metropolitano performed a laparoscopic hernioplasty and repaired an acute inguinal hematoma, medical personnel determined Amit "would need to be transported to the United States for further care and surgery to save his life."[4] (D.E. 1 ("Compl.") ¶ 14; Dft. Ex. B at 9.) On November 3, 2022, Advanced Air Ambulance, Corp. ("Advanced Air"), an air ambulance service, provided Plaintiffs with its bank wire information to transfer $47,990 in order to provide its services. (D.E. 12-5, Pltf. Ex. D at 2.) That same day, Plaintiff Sunil Ahuja, Amit's father, applied for a bank transfer of funds in the amount of $47,990. (Compl. ¶ 17; D.E. 12-4, Pltf. Ex. C at 2.) The next day, Advanced Air transported Amit and his father from Ecuador to Cleveland Clinic Weston Hospital in Weston, Florida, where Amit remained hospitalized. (Compl. ¶ 18.)

Amit was enrolled in an "employee welfare benefit plan," as defined by the Employment Retirement Income Security Act of 1974 (hereinafter, "ERISA"), through his employer At Last Sportswear, Inc.[5] (Compl. ¶¶ 10, 12.) Defendant underwrites and administers the health insurance plan Amit subscribed to. (*Id.* ¶ 11.) Amit's plan generally provides in-network coverage only. (D.E. 10-3, Dft. Ex. A at 36, 40.) The plan also covers emergency medical care provided by an out-of-network provider. (Dft. Ex. A at 36, 40, 68.) The plan states that "[n]on-emergency

---

in the complaint when ruling on a motion to dismiss without converting the motion into one for summary judgment).

[4] When referring to Amit and Sunil, this Court uses their first names solely for ease of reference and without intending any informality or disrespect.

[5] An "employee welfare benefit plan" is "any plan, fund, or program . . . established or maintained by an employer or by an employee organization, or by both . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, medical, surgical, or hospital care or benefits." 29 U.S.C. § 1002(1).

airplane transportation by an *out-of-network provider*" and "[a]mbulance services for routine transportation to receive outpatient or inpatient services" are not covered services. (*Id.* at 7.)

Plaintiff's initial insurance claim seeking reimbursement for out-of-pocket expenses, including the $47,990 incurred by Sunil, was filed on April 10, 2023. (Compl. ¶ 19.) In May 2023, Defendant reimbursed some out-of-pocket expenses, but not the cost of the air ambulance. (*Id.* ¶ 21.) From May 2023 through May 2024, Plaintiffs claim their representative, Archana Nair, and Ellen Guarrancino of Epic Insurance Brokers engaged in back-and-forth communications with Defendant concerning Amit's claim. (*Id.* ¶¶ 20, 22–31.) On June 17, 2024, "an Aetna representative communicated to Ellen that they 'did a review and [did not] believe [the Air Ambulance] services were medically necessary,'" and informed Plaintiffs of their right to appeal. (Compl. ¶ 32 (second alteration in original).)

Thereafter, Plaintiffs twice appealed the denial of the claim. (*Id.* ¶¶ 33, 35–36, 39.) On December 10, 2024, Defendant notified Amit that his appeal concerning the denial of coverage for the air ambulance service was denied. (D.E. 10-5, Dft. Ex. C at 2–3.) Plaintiffs challenge Defendant's denial of coverage for the air ambulance service in light of the fact that they "have presented . . . objective medical evidence of the necessity of the Air Ambulance, all relevant documentation related to its origin and destination, and the inability to seek prior authorization due to the life-threatening nature of the emergency medical situation." (Compl. ¶ 46.)

**B. Procedural History**

On November 17, 2025, Plaintiffs filed the instant suit asserting the wrongful denial of benefits (Count I) and breach of ERISA fiduciary duties (Count II) pursuant to ERISA, 29 U.S.C. §§ 1001 *et seq.* (D.E. 1.) Plaintiffs seek the following remedies for both Counts: compensatory,

economic, consequential, and punitive damages; costs of suit; and attorney's fees. (Compl. at 8–9.)

On March 25, 2026, Defendant moved to dismiss this matter. (D.E. 10.) The parties timely completed briefing. (D.E. 12, 15.)

## II. LEGAL STANDARD

### A. Rule 12(b)(1)[6]

Federal Rule of Civil Procedure ("Rule") 12(b)(1) permits a party to bring a motion to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The Rule permits a party to assert either a facial or factual challenge. *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 632 (3d Cir. 2017). A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (quoting *Pretuska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). A factual challenge "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Id.* (alteration in original) (quoting *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)).

"A motion to dismiss for want of standing is also properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). "In reviewing facial challenges to standing, [courts] apply the same standard as on review of a motion to dismiss under Rule 12(b)(6)." *In re Horizon*, 846 F.3d at 633. Unlike with factual challenges—where evidence outside the pleadings may be considered—a court reviewing a facial attack "only consider[s] the allegations of the complaint and documents

[6] The parties agree that Defendant mounts a facial attack. (D.E. 10-1 at 14; D.E. 12 at 9.)

referenced therein and attached thereto, in the light most favorable to the plaintiff." *Const. Party*, 757 F.3d at 358 (quoting *In re Schering Plough Corp.*, 678 F.3d 235, 243 (3d Cir. 2012)).

## III. DISCUSSION

### A. Standing

A plaintiff bringing an ERISA case must have both constitutional standing under Article III and statutory standing under ERISA. *Leuthner v. Blue Cross & Blue Shield of Ne. Pa.*, 454 F.3d 120, 125 (3d Cir. 2006). Defendant asks this Court to dismiss this matter because neither Plaintiff has standing. (D.E. 10-1 ("Mov. Br.") at 16.) More specifically, Defendant contends that "while Amit is an ERISA plan participant who may bring suit under Section 502(a)," he lacks constitutional standing because he has not pleaded an injury in fact. (*Id.* at 17–19.) On the other hand, Defendant argues, Sunil lacks statutory standing under ERISA. (*Id.* at 17.) This Court turns to address these arguments.

#### i. Statutory Standing

Relevant to Count I, Section 502(a)(1)(B) permits "a participant or beneficiary" to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."[7] 29 U.S.C. § 1132(a)(1)(B). Individual claims for breach of fiduciary duty, such as that asserted in Count II, fall under Section 502(a)(3). Section 502(a)(3) reads as follows:

> A civil action may be brought by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress

---

[7] Under 29 U.S.C. § 1002(7), a "participant" is defined as:

> any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

> such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3). Under ERISA's terms, a "beneficiary" is defined as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." *Id.* § 1002(8). Amit's plan states only the following could be plan dependents: a legal spouse, domestic partner, and dependent children under 26 years of age. Dft. Ex. A at 51.

Defendant argues that only Amit has statutory standing to bring this lawsuit. (Mov. Br. at 17.) Plaintiffs disagree. Sunil argues he has statutory standing because he has been the controlling and principal shareholder of At Last Sportswear, Inc., the plan sponsor. (Opp'n Br. at 12.) He also asserts he has standing because he has acted as Amit's authorized designated representative throughout the claims process, consistent with 29 C.F.R. § 2560.503-1(b)(4). (*Id.* at 12–13.)

This Court holds that only Amit has statutory standing under ERISA and Sunil does not. Although Sunil may be the plan sponsor, Section 502(a)(1)(B)'s terms clearly indicate that only a "participant or beneficiary" can assert a claim on behalf of him or herself, meaning only Amit—or his beneficiary—could bring a civil action to recover for the allegedly wrongful denial of Amit's benefits. *See* 29 U.S.C. § 1132(a)(1)(B). Sunil does not meet the definition of a "beneficiary," given that he is Amit's father. And while "[t]he claims procedures do not preclude an authorized representative of a claimant from acting on behalf of such claimant in pursuing a benefit claim or appeal of an adverse benefit determination," 29 C.F.R. § 2560.503-1(b)(4), that regulation "applies to internal submission of claims and appeals on behalf of beneficiaries, not civil lawsuits in federal courts." *Menkowitz v. Blue Cross Blue Shield of Illinois*, No. 14-2946, 2014 WL 5392063, at *3 (D.N.J. Oct. 23, 2014); *see also Prestige Inst. for Plastic Surgery, P.C. v. Horizon Blue Cross Blue Shield of N.J.*, No. 20-3733, 2021 WL 4206323, at *3 (D.N.J. Sept. 16, 2021) (collecting cases and

explaining that benefit claims and appeals are not "civil actions" under Section 502 of ERISA because § 2560.503-1 refers to civil actions in other paragraphs of the section, "indicating that when subparagraph (b)(4) refers to 'benefit claim or appeal,' it means something different than a civil action"). Thus, this lawsuit may only proceed if this Court determines Amit has constitutional standing.

**ii. Constitutional Standing**

Article III of the United States Constitution vests federal courts with the "judicial [p]ower" to decide "cases" and "controversies." U.S. Const. art. III, § 2. "For a lawsuit to constitute a case within the meaning of Article III, the plaintiff must have standing to sue." *Diamond Alt. Energy, LLC v. EPA*, 606 U.S. 100, 110 (2025). The three elements of standing are: "injury in fact, causation, and redressability." *Id.* at 111 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 1992)). The plaintiff bears the burden of establishing standing at the pleading stage. *Reilly v. Ceridian Corp.*, 664 F.3d 38, 41 (3d Cir. 2011).

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc v. Robins*, 58 U.S. 330, 339 (2016) (quoting *Lujan*, 504 U.S. at 560). For an injury to be "concrete" it "must be '*de facto*'; that is, it must actually exist." *Id.* at 340. "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id.* at 339 (quoting *Lujan*, 504 U.S. at 560). As to causation, a plaintiff must also show "that the injury was likely caused by the defendant." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021).

Defendant argues that Amit has not suffered an injury in fact and Plaintiffs cannot demonstrate causation. (Mov. Br. at 18–19.) Given that Sunil—and not Amit—paid Advanced

Air in full for the air ambulance, Defendant argues that Amit is not at risk of any "balance bill" from Advanced Air. (Mov. Br. at 18.) As to causation, Defendant submits it "did not cause the injury for which Plaintiffs seek redress." (D.E. 15 at 11.) Moreover, Defendant explains how if Advanced Air and Sunil had not sidestepped the No Surprises Act, Amit's financial exposure would have been "limited to whatever his cost sharing would have been if the air ambulance provider had been in-network," since Amit's plan covers air ambulance services.[8] (Opp'n Br. at 20.) Plaintiffs counter that "Amit's injury is not limited to the $47,990 payment," but is "the wrongful denial of benefits he was entitled to receive under his health plan," which "left the $47,990 debt unpaid by his plan and outstanding as between his family and the provider."[9] (Opp'n Br. at 10.)

Plaintiff Amit has not pleaded a concrete and particularized injury. Here, it was not Defendant who demanded payment of $47,990 for the air ambulance service, but Advanced Air. Even now Defendant does not seek to collect a debt that would submit Amit to "ongoing exposure," meaning his alleged injury lacks concreteness as it does not actually exist. *See Spokeo*, 58 U.S. at 340. Further, because it was Sunil who paid the cost of the air ambulance service, the alleged injury of being unable to recover the $47,990 is not particularized as to Amit. The

[8] The No Surprises Act ("NSA"), 42 U.S.C. §§ 300gg-111 *et seq.*, protects patients by relieving them of liability to pay for emergency services furnished by an out-of-network provider "beyond their ordinary in-network insurance payments and instead has the provider and the insurer negotiate or dispute the proper payment among themselves." *Modern Orthopaedics of NJ v. Premera Blue Cross*, No. 25-1087, 2025 WL 3063648, at *3 (D.N.J. Nov. 3, 2025) (citing 42 U.S.C. § 300gg-111(c)(1)(A)).

[9] In Plaintiffs' Opposition Brief, Amit purports to allege that he "stands to recover or lose a concrete sum depending on this Court's ruling," "has incurred a $47,990 unreimbursed bill for emergency medical transportation," and that he faces "ongoing exposure." (Opp'n Br. at 11.) However, this is not what is alleged in the Complaint or what the record shows. (Compl. ¶¶ 17 ("Plaintiff Sunil applied for a bank transfer of funds."), 21 (stating Sunil incurred medical expenses, including the $47,990).) "It is axiomatic that [a] complaint may not be amended by the briefs in opposition to a motion to dismiss." *Mills v. Ethicon, Inc.*, 406 F. Supp. 3d 363, 387 (D.N.J. 2019) (quoting *Frederico v. Home Depot*, 507 F.3d 188, 202 (3d Cir. 2007)). This Court declines to consider any allegations that Amit is somehow now responsible for the $47,990 payment.

unfortunate reality is that by making the initial payment to Advanced Air, Plaintiffs excluded themselves, albeit unknowingly, from the process and protections Congress made available to patients in situations precisely like Plaintiffs'. *See* 42 U.S.C. § 300gg-112 (providing protections to patients who received air ambulance services from a nonparticipating provider if they are enrolled in a health insurance plan by making "the cost-sharing requirement with respect to such services . . . the same requirement that would apply if such services were provided by" a participating provider, and subjecting the provider and insurance plan to an independent dispute resolution process). In sum, although Amit has statutory standing under ERISA, he does not have constitutional standing as required by Article III. Given the latter, this Court lacks subject-matter jurisdiction.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion is **GRANTED**.[10] An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
Cari Fais, U.S.M.J.

[10] This Court's dismissal of Plaintiffs' Complaint on subject-matter jurisdiction grounds renders Defendant's request that the jury demand be stricken moot.